UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON GUINN,

        Plaintiff,

                                      CASE NO. 2:14-CV-13085
v.                                 HONORABLE MARIANNE O. BATTANI

CAROL MCELDOWNEY and
ALLEGIANCE HEALTH,

           Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

      The Court has before it Plaintiff Jason Guinn's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Marquette Branch Prison in Marquette, Michigan. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a). In his complaint, Plaintiff raises claims of medical malpractice, negligence, and cruel and unusual punishment with pain and suffering arising from a blood draw while he was in police custody at a hospital in Jackson, Michigan on March 15, 2013. Plaintiff names phlebotomist Carol McEldowney and Allegiance Health Hospital as the defendants in this action. He sues them in their personal and official capacities and seeks monetary damages. Having reviewed the complaint, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and dismisses the complaint. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II.

Plaintiff has been granted in forma pauperis status.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## III.

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

A pro se civil rights complaint is construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  Twombly, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56 (citations and footnote omitted).

With these standards in mind, the Court finds that Plaintiff 's complaint is subject to dismissal.  As an initial matter, Plaintiff fails to state a claim upon which relief may be granted as to Allegiance Health because he fails to allege facts demonstrating Allegiance Health's involvement in the actions giving rise to the complaint.  It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under § 1983.  See  Monell v. Department of Social Svs., 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009) (same); see also Taylor v. Michigan Dep't of Corrections, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so.  Any claims that Allegiance Health failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation is insufficient

to state a civil rights claim.  See, e.g., Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001).  Plaintiff also does not allege facts to show that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees.  See Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  He thus fails to state a claim upon which relief may be granted under § 1983 as to Allegiance Health.

Plaintiff's claims against defendant McEldowney are also subject to dismissal. Plaintiff asserts that defendant McEldowney committed medical malpractice and was negligent in drawing his blood.  It is well-settled, however, that claims of negligence concerning a prisoner's medical treatment, i.e. medical malpractice, are not cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983.  Collins v. City of Harker Hgts., 503 U.S. 115, 127-28 (1992); Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn., 34 F.3d 345, 348 (6th Cir. 1994).  Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to such matters.

The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  Estelle, 429 U.S. at 104.  The deliberate indifference standard requires a prisoner to show that the defendant acted with a reckless disregard of a known risk of serious harm to the prisoner.  Farmer v. Brennan, 511 U.S. 825, 836 (1994).  A plaintiff may establish deliberate indifference by a showing of grossly

4

inadequate medical care. <u>Terrance v. Northville Reg. Psych. Hosp.</u>, 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff makes no such showing.  Rather, the report he submitted with his complaint reveals that defendant McEldowney was attempting to draw his blood at the hospital pursuant to a police request and/or court order and that Plaintiff was uncooperative and struggling during the procedure.  Plaintiff fails to allege facts to show that defendant McEldowney was deliberately indifferent to his medical needs under the foregoing standards or that she was intentionally trying to harm him.

Plaintiff also asserts that defendant McEldowney subjected him to cruel and unusual punishment and caused him pain and suffering in violation of the Eighth Amendment.  To state such a claim, a prisoner must allege that the offending conduct constitutes an "unnecessary and unwanton infliction of pain" and that it offends contemporary standards of decency. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992); <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977).  Such a claim has both an objective and subjective component. <u>Farmer</u>, 511 U.S. at 833; <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  The objective component of requires that the pain be serious or concern the deprivation of the "minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347-49 (1981).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." <u>Ivey v. Wilson</u>, 832 F.2d 950, 954 (6th Cir. 1987).  The subjective component requires that the offending conduct be intentional or deliberately indifferent. <u>Estelle</u>, 429 U.S. at 104-05; <u>see also</u> <u>Wilson</u>, 501 U.S. at 301-03.

Plaintiff fails to allege facts to support such an Eighth Amendment claim.  Plaintiff fails to meet the objective component because he does not allege facts to show that his

pain was serious and/or concerned the deprivation of the minimal civilized measure of life's necessities.  Blood draws are considered routine.  See Schmerber v. California, 384 U.S. 757, 771 n. 13 (1966) (citing Breithaupt v. Abram, 352 U.S. 432, 436 (1957) (a blood test" would not be considered offensive even by the most delicate"); United States v. Hook, 471 F.3d 766, 775 (7th Cir. 2006) ("the government's desire for identifying information along with the minimal pain and discomfort accompanying a blood draw take the DNA Act outside of the ambit of cruel and unusual punishment"); Nicholas v. Goord, 430 F.3d 652, 676 (2d Cir. 2005) (the drawing of blood is "quite a minor intrusion, of the sort that ordinary citizens voluntarily submit to routinely for medical purposes").

Recognizing this fact, several courts have ruled that a forced blood draw, even when performed poorly and causing injury, is not the sort of conduct and/or harm that rises to the level of a Eighth Amendment violation.  See Ali v. McAnany, 262 F. App'x 443, 446 (3d Cir. 2008) (upholding dismissal of claims against defendants who needed four attempts to draw prisoner's blood); Lavite v. Wexford Health Sys., No. 13-CV-00576-JPG, 2013 WL 3776288, *2-3 (S.D. Ill. July 17, 2013) (ruling that an Eighth Amendment claim "cannot be predicated on the de minimis use of force that would result from a mere blood draw"); Thompson v. CCA-LAC Medical Dept., No. 1:06-CV-104, 2007 WL 390356, *5 (D. Vt. Jan. 30, 2007) (citing cases and ruling that nurse's conduct in mistakenly drawing blood and poking prisoner numerous times, and resulting harm to prisoner's arms and hands, "did not cause the sort of degeneration or extreme pain" required for an Eighth Amendment violation); Johnson v. Illinois Dept. of Corr., No. 04-222-MJR, 2006 WL 741218, *6 (S.D. Ill. March 22, 2006) (dismissing prisoner's Eighth Amendment claim against defendant who stuck him several times with a needle "nowhere near his veins" during blood draw).  This Court agrees with the reasoning of those decisions.  While being stuck with a needle during

multiple blood draw attempts can be painful, such conduct is not the type of unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment.

Plaintiff also fails to meet the subjective component of the test because he does not allege facts to show that defendant McEldowney acted intentionally or with deliberate indifference. Rather, the record before the Court indicates that defendant McEldowney was drawing his blood pursuant to a police request and/or a court order, that Plaintiff was uncooperative and struggling during the procedure, and that McEldowney was attempting to draw Plaintiff's blood, not trying to intentionally cause him pain or otherwise injure him. Any discomfort endured by Plaintiff during the blood draw was de minimis – and largely resulted from his own uncooperative behavior. Consequently, Plaintiff fails to state an Eighth Amendment claim. His complaint must therefore be dismissed.

**IV.**

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Date:   September 10, 2014                         s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 10, 2014.

s/ Kay Doaks
Case Manager